ORIGINAL

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 3 0 2006

at 2 o'clock and 40 min. __M
SUE BEITIA, CLERK

| UNITED STATES OF AMERICA, | No. 04-10100 |
|---|---|
| Plaintiff - Appellee, | D.C. No. CR-02-00062-ACK |
| v. | |
| THOMAS M. SCHNEPPER, | **JUDGMENT** |
| Defendant - Appellant. | |

Appeal from the United States District Court for the District of Hawaii (Honolulu).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the District of Hawaii (Honolulu) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **AFFIRMED** IN PART; REMANDED IN PART.

Filed and entered 01/05/06

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

JAN 27 2006

by _____
Deputy Clerk

**FILED**

NOT FOR PUBLICATION

JAN 05 2006

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| UNITED STATES OF AMERICA, | No. 04-10100 |
|---|---|
| Plaintiff - Appellee, | D.C. No. CR-02-00062-ACK |
| v. | |
| THOMAS M. SCHNEPPER, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Alan C. Kay, District Judge, Presiding

Argued and Submitted December 5, 2005
San Francisco, California

Before: **KOZINSKI** and **McKEOWN**, Circuit Judges, and **HOGAN**,** District Judge.

**1.** The jury heard sufficient evidence to support a finding that defendant engaged in sexually explicit discussions with someone he believed was a minor,

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

** The Honorable Michael R. Hogan, United States District Judge for the District of Oregon, sitting by designation.

page 2

and attempted to entice her to fly to Maui to have sex with him. See Jackson v. Virginia, 443 U.S. 307, 319 (1979). Defendant's knowing use of the Internet to solicit sex from "Mandy" violated 18 U.S.C. § 2422(b). The jury also heard sufficient evidence to support a finding that defendant emailed obscene pictures to a person he believed was a minor, in violation of 18 U.S.C. § 1470.[1] While defendant testified that he believed he was corresponding with an adult because he was in an "adults only" chat room, the jury was not required to credit his explanation.

**2.** Defendant was entrapped as a matter of law only if, "viewing the evidence in the light most favorable to the government, no reasonable jury could have found in favor of the government as to inducement or lack of predisposition." United States v. Poehlman, 217 F.3d 692, 698 (9th Cir. 2000). Defendant began emailing pornographic pictures of himself minutes after initiating contact with the undercover agent, who he believed was Mandy. Because a reasonable jury could

---

[1] Because defendant does not expressly challenge the jury's finding that the naked pictures he took of himself were obscene, we deem any objection to that finding waived. See Walls v. Wells Fargo Bank, N.A., 276 F.3d 502, 511 (9th Cir. 2002); see also Entm't Research Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1217 (9th Cir. 1997) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim, particularly when, as here, a host of other issues are presented for review." (quoting Greenwood v. FAA, 28 F.3d 971, 977 (9th Cir. 1994)).

page 3

have found that defendant was predisposed to commit the offenses based on his readiness to solicit sex from someone he believed was a minor, defendant was not entrapped as a matter of law.

**3.** The district court did not abuse its discretion in admitting as evidence a picture of what appeared to be a young girl with an older man that defendant had emailed to the undercover agent. The jury was advised that the female was an adult, and the picture was probative of whether defendant violated 18 U.S.C. § 2422(b). The district court could reasonably conclude that the picture was not unduly prejudicial. See Fed. R. Evid. 403. Because the picture was properly admitted into evidence, the government did not commit misconduct by offering it.

**4.** Because we reject defendant's claims of error, we likewise reject his argument that "the cumulative effect of multiple errors," United States v. Frederick, 78 F.3d 1370, 1381 (9th Cir. 1996), requires reversal.

**5.** The district court did not abuse its discretion in imposing a two-level sentencing enhancement under United States Sentencing Guidelines Manual (U.S.S.G.) § 3C1.1. Because defendant gave materially false testimony at trial, the

page 4

district court reasonably concluded that defendant willfully obstructed justice. See United States v. Cordova Barajas, 360 F.3d 1037, 1043–44 (9th Cir. 2004).

**6.** The district court did not abuse its discretion in imposing a two-point criminal history enhancement for defendant's prior stalking conviction. Because no portion of defendant's 60-day sentence was suspended, the district court did not abuse its discretion by applying U.S.S.G. §§ 4A1.1(b), 4A1.2(b)(2).

**7.** Because the district court clearly recognized that it had authority to depart downward on defendant's sentence, we lack jurisdiction to review its decision not to depart. See United States v. Berger, 103 F.3d 67, 69 (9th Cir. 1996).

**8.** Although defendant raises a number of other claims in his reply brief, he has waived these claims by not raising them in his opening brief. See Dilley v. Gunn, 64 F.3d 1365, 1367 (9th Cir. 1995).

**9.** Because defendant failed to raise a Sixth Amendment objection below, and in accordance with his request communicated to us through his counsel, we order "a limited remand to the district court . . . for the purpose of ascertaining whether the sentence imposed would have been materially different had the

page 5

district court known that the sentencing guidelines were advisory." <u>United States v. Ameline</u>, 409 F.3d 1073, 1074 (9th Cir. 2005) (en banc).

**AFFIRMED IN PART; REMANDED IN PART.**

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

JAN 27 2006

by
Deputy Clerk

```
INTERNAL USE ONLY: Proceedings include all events.
04-10100 USA v. Schnepper

UNITED STATES OF AMERICA              Lawrence L. Tong, Esq.
     Plaintiff - Appellee             808/541-2850
                                      Suite 6-100
                                      [COR LD NTC aus]
                                      USH - OFFICE OF THE U.S.
                                      ATTORNEY
                                      PJKK Federal Building
                                      300 Ala Moana Blvd.
                                      P.O. Box 50183
                                      Honolulu, HI 96850

     v.

THOMAS M. SCHNEPPER                   Richard S. Kawana, Esq.
     Defendant - Appellant            FAX 808/536-7195
                                      808/536-6805
                                      Ste. 201
                                      [COR LD NTC cja]
                                      4 S. King St.
                                      Honolulu, HI 96813-4309
```