EDWARD H. KUBO, JR.  2499
United States Attorney
District of Hawaii

LAWRENCE L. TONG 3040
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Larry.Tong@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00062 ACK |
|---|---|---|
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S MEMORANDUM |
| | ) | CONCERNING <u>AMELINE</u> |
| vs. | ) | REMAND; EXHIBIT "A"; |
| | ) | CERTIFICATE OF SERVICE |
| | ) | |
| THOMAS M. SCHNEPPER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

GOVERNMENT'S MEMORANDUM CONCERNING AMELINE REMAND

     In June 2003, a jury found defendant Thomas Schnepper guilty of one count of using the Internet to attempt to have prohibited sexual contact with a minor, and five counts of attempting to transfer obscene material to a minor.  On February 3, 2004, the court sentenced defendant to a jail term of 87 months, the highest end of the then mandatory Guideline range of 70-87 months.

Defendant appealed the judgment, alleging a variety of trial and sentencing errors. On January 12, 2005, while the appeal was pending, the United States Supreme Court decided <u>United States v. Booker</u>, 543 U.S. 220 (2005), and rendered the Guidelines advisory. On January 26, 2006, the Ninth Circuit Court of Appeals affirmed the conviction in this matter, but remanded the case to the district court pursuant to <u>United States v. Ameline</u>, 409 F.3d 1073, 1085 (9th Cir. 2005)(en banc), for a determination of whether it would have imposed a materially different sentence had it known the Guidelines were advisory.

On February 2, 2006, this court directed the parties to submit written arguments on whether the sentence should be changed. Given the evidence in this case, the government submits that the sentence should not be changed. The facts of the case are fully described in the government's appellate brief, a copy of which is attached as Exhibit "A." As the Ninth Circuit ruled, the evidence amply supported defendant's conviction for using the Internet to attempt to solicit a minor for illegal sexual activity. At sentencing, this court calculated the applicable Guideline range as 70-87 months' of imprisonment. The court then rejected defendant's motion for downward departure, which asserted numerous grounds. <u>See</u> Govt. Brief at 54 n.46. The court acknowledged that it had discretion to depart below the Guideline range, but declined to do so.

2

This court then carefully considered where within the range to sentence defendant. The court noted various aggravating factors, including: (1) defendant's predatory conduct involving a purported 15 year old girl; (2) defendant's attempt to obstruct justice through perjurious testimony; (3) defendant's lack of remorse and his "continued denial of guilt in the face of insurmountable evidence"; and (4) his extensive criminal history, which included 3 countable convictions, and 21 convictions that were not counted toward his criminal history category. Govt. Brief at 55. The court also noted that defendant had absconded from a Wyoming probationary term, and that defendant posed both a danger to society and a high likelihood of recidivism.

The court found that there were no mitigating circumstances in the case. It then imposed a sentence of 87 months, the absolute top of the range, noting that "a sentence at the highest end of the applicable guideline range is justified to address the sentencing goals of punishment and protection of society." Govt. Brief at 55.

The court's findings and sentence are well supported by the evidence. The government submits that there is no reason to change defendant's sentence. It took into account the numerous aggravating circumstances, and the lack of any mitigating circumstances. The government thus requests that the court respond to the Ninth Circuit's Ameline remand by indicating that

it would not have imposed a different sentence even had it known that the Guidelines were advisory.

DATED: February 10, 2006, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


/s/ Lawrence L. Tong
LAWRENCE L. TONG
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the dates and by the methods of service noted below, the true and correct copy of the foregoing was served on the following at their last known address:

Served by first class mail:

Richard S. Kawana, Esq.                February 10, 2006
810 Richards Street, Suite 851
Honolulu, HI 96813

Attorney for Defendant
THOMAS M. SCHNEPPER

DATED:  Honolulu, Hawaii, February 10, 2006.


                                       /s/ Janice Tsumoto