IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00062 ACK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THOMAS M. SCHNEPPER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DECLINING TO RESENTENCE DEFENDANT AND
ADOPTING THE JUDGMENT OF FEBRUARY 3, 2004**

In June 2003 a jury found defendant Thomas M. Schnepper guilty of Counts 1-5 and 7, use of the internet (1) to entice a minor to engage in sexual activity and (2) to attempt to transfer obscene material to a minor.  On February 3, 2004 the Court sentenced Defendant to 87 months imprisonment.  Defendant appealed, and on January 27, 2006 the Ninth Circuit Court of Appeals, having affirmed the District Court's judgment on January 5, 2006, issued an order remanding the case to the District Court solely for the purpose of sentencing consistent with U.S. v. Ameline 409 F.3d 1073, 1085 (9th Cir. 2005), which instructs the District Court to review Defendant's sentence to determine whether the sentence would have been materially different had the District Court known that the guidelines were advisory in accordance with U.S. v. Booker, 125 S.Ct. 738 (2005).

"[A] limited remand to the district court is appropriate for the purpose of ascertaining whether the sentence would have been materially different had the district court known that the sentencing guidelines were advisory.  If the district court responds affirmatively, the error was prejudicial . . . [t]he original sentence will be vacated by the district court, and the district court will resentence the defendant.  If the district court responds in the negative, the original sentence will stand . . . ."  Ameline, 409 F.3d at 1074.  A district court need not hold a new sentencing hearing on remand, but must obtain the views of counsel in writing.  Id. at 1085 (citing Crosby 397 F.3d at 120.)  If the district court does not resentence, it "should place on the record a decision not to resentence, with an appropriate explanation."  Id.

In Ameline, the Ninth Circuit made clear that " . . . the limited remand does not seek a response to the question of what the district court would do on remand.  Instead, the limited remand seeks a response to the question of whether the district court would have imposed a materially different sentence at the time of sentencing had it known that the Guidelines were advisory rather than mandatory."  Id. at 1083.

At Defendant's sentencing, the Court determined that the Total Offense Level was 25 with a Criminal History Category of III, which resulted in a Guideline range of 70 - 87 months

imprisonment. The Court next considered some 10 motions for downward departure asserted by the Defendant. The Court denied all of the motions, stating detailed reasons for such denial. The Court noted that it had authority to depart downward from the guidelines on each of the grounds asserted by the Defendant but that the facts did not warrant any departure.

After hearing argument by both counsel and Defendant's allocution, the Court concluded that Defendant posed a significant danger to society and a high likelihood of recidivism and sentenced him to the top of the Guideline range, finding that a sentence at the highest end of the applicable Guideline range was justified to address the sentencing goals of punishment and protection of society.

Defendant now argues that in denying some of these motions the Court stated that the grounds therefor were not "extraordinary" and consequently now that the guidelines are only advisory should be a basis for a lower sentence. However, the Court was simply stating that the departure grounds did not meet the guideline standard of being extraordinary in nature; and upon further review under the Advisory Guidelines and §3553(a) sentencing factors concludes that the grounds asserted by Defendant do not warrant a reduction in the sentence of 87 months of imprisonment.

The grounds asserted by Defendant included (1) vulnerability to victimization and abuse in prison, (2) extraordinary hardship as a child and young adult, (3) post-offense rehabilitation, (4) medical conditions, (5) the need to be immediately eligible for counseling in rehabilitative programs, (6) aberrant behavior, (7) imperfect entrapment, (8) Defendant's Criminal History Category overstated his propensity to commit future crimes, (9) the effect of incarceration on his family business, and (10) a combination of the foregoing factors.

The Court now reiterates that the Bureau of Prisons would designate the Defendant to a facility where he would be protected from physical harm and typically would be provided rehabilitative programs. Paragraph 77 of the Presentence Report, which was not objected to by Defendant, states that while his parents were divorced when he was 4 or 5 years old, "the Defendant related that he had a great upbringing as his stepfather was a good influence in his life and he loved him very much." That paragraph goes on to recite that Defendant's mother died in 1983 and as a result the latter part of his high school years were very difficult for him, and states his stepfather died in 1991. The Court commends Defendant for his rehabilitation efforts with respect to his alcohol and other illicit addictions. However, the Court does not find that these efforts are such that they should result in a reduction in his sentence. The Defendant

complained of a sinus infection while at FDC Honolulu; however, as anticipated, he has been transferred to another facility, and the Bureau of Prisons will address his medical needs.  The Court notes that while seeking a downward departure for his post-offense rehabilitation success, Defendant nevertheless requested a departure in order to be eligible to enroll in a 500-hour drug treatment program.  The Court further notes that Defendant stated in his letter to the Court that he is not eligible for this program because of the nature of his conviction.

The Court finds Defendant's contention that his crime constituted aberrant behavior to be meritless, noting that Defendant has an extensive criminal record and that his subject criminal activity occurred over a period of some 2 months.

Defendant's assertion of imperfect entrapment fails because he initiated contact with the victim, whom he believed to be 15 years old, and made explicit comments about his desire to have sex with her, and sent obscene and sexually explicit images to her.

Defendant's criminal history does not overstate his propensity to commit further crimes.  The Presentence Report reflects that within less than 10 years of incurring 3 countable convictions, the Defendant committed the instant offense. Moreover, between 1982 and 1999 he incurred 21 convictions which were not considered in computing his Criminal History Category.

It is not unusual for a criminal's conviction to have a negative impact on any business he might be operating, particularly where the business was operating at a loss as was Defendant's.

The Court concludes that the factors cited by the Defendant, separately or in combination with each other, do not warrant a reduction in his sentence.

Defendant contends that "in similar cases involving the same offense, similarly situated defendants have received sentences substantially less than that imposed upon Defendant in this case". Defendant's Sentencing Memorandum on Ameline Remand filed March 10, 2006, at page 16. In support of his contention, Defendant cites U.S. v. Farner, 251 F.3d 510 (5th Cir. 2001); U.S. v. Mallon, 345 F.3d 943, 944 (7th Cir. 2003); U.S. v. Patten, 397 F.3d 1100, 1102 (8th Cir. 2005) and U.S. v. Dhingra, 371 F.3d 557, 559 (9th Cir. 2004). However, Defendant has failed to establish that any of the defendants in those cases were similarly situated to Defendant.

In Mallon, the defendant had a Criminal History Category I (as opposed to Defendant's III) with a Guideline range of 41 - 51 months. The District Court departed to a sentence of 21 months, based upon the Defendant's heart condition and reduced mental capacity and skin cancer. The 7th Circuit reversed, holding that the departures were inappropriate, and upon remand

the District Court resentenced the Defendant to 41 months. In Patten, the defendant was sentenced to 15 months, being the bottom of the Guideline range of 15 - 21 months (as opposed to Defendant's Guideline range of 70 - 87 months). The decision fails to set forth any similarities to Defendant's situation. Likewise in Farner, the defendant was sentenced to 15 months, with the decision failing to set forth any guideline data or similarities to Defendant's situation. In Dhingra, the defendant was sentenced to 24 months, with no guideline data and with the decision failing to set forth any similarities to Defendant's situation.

In contrast to the aforecited cases, Defendant had a Criminal History Category of III and faced a guideline imprisonment range of 70 - 87 months. This Court considered the following unique factors: that he had obstructed justice, that he had 21 uncountable criminal convictions, that he continued denial of guilt and had absconded from a Wyoming probation term, and that there was a high risk of danger and recidivism posed by him.

Defendant also fails to reference other cases involving similar offenses such as U.S. v. Bolen, 136 Fed. Appx. 325 (11th Cir. 2005) where the defendant was sentenced to 110 months imprisonment; U.S. v. Haynes, 160 Fed. Appx. 940 (11th Cir. 2005), where the defendant had a Criminal History Category I and was sentenced to 78 months imprisonment under a Guideline range

of 70 - 87 months; and U.S. v. Thomas, 410 F.3d 1235 (10th Cir. 2005) where the defendant had a Criminal History Category III and was sentenced to 70 months under a Guideline range of 70 - 87 months.

Given the abovementioned factors which this Court considered in sentencing Defendant at the high end of the Guideline range of 70 - 87 months and considering the dissimilar and sparse sentencing data included in the cases cited by Defendant, the Court concludes that Defendant's sentence does not constitute an unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct.

Pursuant to Booker, the Court similarly would have sentenced Defendant to a prison sentence of 87 months under the sentencing factors set forth in Title 18 §3553(a), which are the nature and circumstances of the offense and the history and characteristics of the Defendant, the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the Defendant. Use of the internet to entice a minor to engage in sexual activity and to attempt to transfer obscene material to a minor are serious and reprehensible crimes for which there is a

definite need to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public from further such crimes of the Defendant. The Defendant not only had a Criminal History Category of III but further had 21 uncountable criminal convictions, and obstructed justice during the course of his trial.

The Court has reviewed the record of the present case, the evidence presented at trial, and has obtained the written arguments of counsel regarding Defendant's sentence, including a letter from Defendant. The Court is capable of evaluating Defendant's sentence given that it presided over Defendant's trial. Had the guidelines been advisory at the time of sentence and the Court had also considered the sentencing factors under 18 USC § 3553(a) as instructed by Booker, the Court would have made the same factual findings, and Defendant's sentence would not have been materially different.

Accordingly, the Court declines to resentence Defendant and adopts the judgment of February 3, 2004.

```
     IT IS SO ORDERED.

     Dated: Honolulu, Hawaii, May 2, 2006.
```



```
                            _____
                            Alan C. Kay
                            Sr. United States District Judge
```

U.S.A. v. Schnepper; Cr. No. 02-00062 ACK; ORDER DECLINING TO RESENTENCE DEFENDANT AND ADOPTING THE JUDGMENT OF FEBRUARY 3, 2004