Thomas M. Schnepper
Fed. Reg. No. 88704-022
Federal Correctional Institution
3600 Guard Road
Lompoc, CA 93436

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 30 2006

at __ o'clock and __ min __ M
SUE BEITIA, CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

Thomas M. Schnepper,
    Petitioner,

v.

UNITED STATES ATTORNEY
GENERAL GONZALES,
    Respondent.

Civil No. CR 02-00062 ACK

MOTION FOR RECONSIDERATION
FOR COURT ORDER

Comes now Petitioner, Thomas M. Schnepper, pro-se, requesting that this court reconsider this courts earlier court order for the following reasons:

(1) Petitioner/Defendant's Attorney failed to inform the court that Defendant was on psychological mind altering drugs during trial

(2) That Petitioner's/Defendant's Attorney failed to inform the court before and during sentencing that Petitioner was under diminished capacity and had Bipolar disorder

RECEIVED
CLERK, U.S. DISTRICT COURT
MAY 19 2006
DISTRICT OF HAWAII

(3) Petitioner/Defendant was at the time of trial not receiving the proper medication or doses, as he now currently is, which impaired his understanding of his constitutional guaranteed rights to due process of law under the U.S. constitutional amendments, Fifth Amendment.

(4) Petitioner did not understand what occurred before trial, after trial and at his sentencing hearing because of his Bipolar condition.

(5) The Court caused Plain Error before trial at the pretrial hearings by not carefully examining Petitioner's history of drug and alcohol use.

(6) The Court caused plain Error by not seeking a independent psychologist to evaluate whether or not Defendent could legally be tried in a court of law or whether Defendant had Diminished Capacity at the time of commiting the crime.

(7) The Court committed Plain Error by sentencing Petitioner using an enhancement of a prior conviction on a DUI dated March 1, 1993 out of UTAH, when there was no trial

(2)

or plea agreement signed, and the State Utah could not produce those documents, which according to law, they must

(8) Plain Error on the Court because (1) Defendant/Petitioner at the time was enhanced by this Federal Court for a prior conviction that was found the defendant received a "sentence of imprisonment" of at least 60 days, in Wyoming court, because all other terms of probation were met except the $320.00 fine, they closed the case, there is not debters prison.

(9) Plain Error and Ineffective Assistance of counsel where its clear the the Defendant was of Diminished Capacity during the signing of the Wyoming plea agreement with Bipolar disorder, where the court used an illegal plea agreement to enhance Petitioner's sentence.

Petitioner claims loss of memory do to Bipolar disorder, history alcohol and drugs, he openly admits leaving Wyoming to Hawaii to start a new life, he told the Wyoming Court that he was leaving

(3)

and the Wyoming Court agreed that it was a good idea.

The Federal District Court caused Plain Error, causing prejudice and Manifest Injustice in violation of the Fifth Amendment to the United States of America.

The Defense Attorney failed to properly defend this Petitioner by showing Diminished Capacity and protecting Petitioner's Constitutional Rights under the Fifth Amendment to the U.S. Constitution; Also the Sixth Amendment.

I swear the above mentioned facts are true and correct under the penalty of perjury

Dated ___15___ day of ___may___, 2006

Thomas M Schnepper

_____
Petitioner

10) Also See attachment To determan Resentence or Reversal of Conviction due to oragen of complaint. U.S. vs. Schnepper 302 F. Supp. 2d 1188

(4)

Act, Pub.L. No. 108–21, §§ 401(c) (directing the sentencing court to specify its reasons for granting a downward departure in the written order of judgment and commitment), 401(d) (changing appellate review to a de novo standard),[26] 401(h) (enhancing the data collection methods), and 401(*l*) (directing the attorney general to report to Congress). And, more importantly, the sentencing system challenged here (binding guidelines promulgated by the Commission), unless invalidated, will determine Schnepper's punishment.

It was equally true in *Mistretta* that not every section of the Reform Act or the subsequently promulgated Guidelines Manual applied to or narrowed the permissible range of sentences for distribution of cocaine—the offense at issue in the primary challenge. So, too, that certain provisions of the Reform Act would not, in any conceivable circumstance, have directly invaded the defendant's legally protected rights. *See* 28 U.S.C. § 991(a) (requiring that at least three federal judges serve on the Commission). Nevertheless, the Court, without hesitation, allowed the challenge to proceed.[27]

The reason is because the challenge was to the legislation and its effect as a whole. So it is here. As in *Mistretta*, Schnepper does not assert, for example, that PROTECT Act, Pub.L. No. 108–21, § 401(a) is unconstitutional because of what it does to him—say, abridge due process requirements. Rather, Schnepper argues that the legislation as a whole, § 401(a) included, causes or exacerbates a violation of the principle of separation of powers. If Schnepper is correct, no defendant, irrespective of the nature or date of the underlying offense, may be sentenced pursuant to the Guidelines Manual. This real and imminent harm presents a cognizable injury in fact.

The second element of standing, "a causal connection between the injury and the conduct complained of," *Lujan*, 504 U.S. at 560, 112 S.Ct. 2130, is satisfied because the Guidelines Manual is the source of the injury to Schnepper. Without the Guidelines Manual, the harm complained of disappears.

The final element of standing, redressability, is met because a decision in Schnepper's favor will invalidate the Guidelines Manual, thereby providing precisely the relief he seeks.

In summary, Schnepper will suffer an injury in fact if he is sentenced pursuant to an unconstitutional sentencing scheme. His injury is both fairly traceable to the challenged law and likely to be redressed by a decision in his favor. Accordingly, Schnepper has standing to challenge Title IV as creating or contributing to a sentencing system that violates the Constitution.

### III. Article I

[22] Article I, § 1, of the Constitution vests the legislative power "in a Congress of the United States, which shall consist of a Senate and House of Representatives." U.S. Const. art. I, § 1. The legislative power is the power to pass bills. *Mistretta*, 488 U.S. at 419–20, 109 S.Ct. 647 (Scalia, J., dissenting), and, as every schoolchild knows, bills must navigate Congress and be presented to the President for approval or objection before becoming law, U.S. Const. art. I, § 7.

[23, 24] Congress is powerless to deviate from these "finely wrought and exhaustively considered[ ] procedures." *INS v. Chadha*, 462 U.S. 919, 951, 103 S.Ct. 2764, 77 L.Ed.2d 317 (1983). Every law thus becomes law only in accord with Article I. *Bowsher v. Synar*, 478 U.S. 714, 758–59, 106 S.Ct. 3181, 92 L.Ed.2d 583 (1986) (Stevens, J., concurring). Congressional efforts to legislate without Bicameralism and Presentment or to "delegate the power to legislate to [Congress'] own agents or to its own Members" are invalid. *Metropolitan Wash. Airports Auth. v. Citizens for the Abatement of Aircraft Noise, Inc.*, 501 U.S. 252, 275, 111 S.Ct. 2298, 115 L.Ed.2d 236 (1991).

Schnepper, in a rather convoluted way, asserts that Title IV contravenes these bedrock principles. Specifically, Schnepper argues that the Commission is no longer an agency within the Judicial Branch. Rather, Schnepper continues, the "proper characterization of the [Commission] is now that of a legislative agency—what Justice Scalia characterized as 'a sort of junior-varsity Congress.'" Defendant's Memorandum in Support of Motion for Relief ("Memo in Supp."), at 21 (quoting *Mistretta*, 488 U.S. at 427, 109 S.Ct. 647 (Scalia, J., dissenting)). As such, Schnepper concludes, actions by the Commission amount to legislating without following the procedures set forth in Article I.

The Reform Act described the Commission as an independent agency within the Judicial Branch of the United States. 28 U.S.C. § 991(a). *Mistretta* agreed, 488 U.S. at 398, 109 S.Ct. 647, and Title IV left that designation undisturbed, PROTECT Act, Pub.L. No. 108–21, § 401, et seq. Nevertheless, Schnepper maintains that

---

26. Courts to confront the new standard of review have applied PROTECT Act, Pub.L. No. 108–21, § 401(d) to cases pending on appeal when Title IV became law. *See United States v. Gonzales-Ortega*, 346 F.3d 800, 802 (8th Cir.2003); *United States v. Mallon*, 345 F.3d 943, 946–47 (7th Cir.2003); *United States v. Thurston*, 2004 WL 203162, at *17–18, 358 F.3d 51, 70–72 (1st Cir.2003).

27. This contrasts with *Federal Defenders of San Diego, Inc. v. United States Sentencing Commission*, 680 F.Supp. 26 (D.D.C.1988), where the district court rightly denied a group of public defenders standing to challenge the Reform Act as unconstitutional.

Exhibit B

# A-UNIT'S - LEGAL & REGISTERED MAIL LOG

| Date | Inmate's Name | Register | QTRS | Sender's name & Address | Date | Inmate's Signature | Staff Sign. |
|---|---|---|---|---|---|---|---|
| 5-9-06 | Schnepper | 89704-022 | A-10 | Richard Kawan 51 south king st. suite 201 Honolulu, HI 96813 | 5-9-06 | [signature] | TCT |
| 5-0 | | | | | | | |
| 5-0 | | | | | | | |
| S- | | | | | | | |

| MEDICAL RECORD | CONSULTATION SHEET | Exhibit C |

## REQUEST

TO:  
FROM: (Requesting physician or activity)  
DATE OF REQUEST:

REASON FOR REQUEST (Complaints and findings)

f/u

### PSYCHIATRIC CLINIC

PROVISIONAL DIAGNOSIS:

DOCTOR'S SIGNATURE | APPROVED | PLACE OF CONSULTATION | ☐ ROUTINE ☐ TODAY
☐ BEDSIDE ☐ ON CALL | ☐ 72 HOURS ☐ EMERGENCY

## CONSULTATION REPORT

RECORD REVIEWED ☒ YES ☐ NO     PATIENT EXAMINED ☒ YES ☐ NO

S— Cev. shld ⊕ pain interfering w/ sleep. C/O racing thoughts. Not having prbs c̄ irritability & agitation. φ GI disorders anymore. Gets excitable, too many ideas still.

O— Cooperative. Good eye contact. No AH/VH seen. Speech nl. Thoughts - racing content - φ HI/SI/HI. Mood - reactive, "ok" Affect - reactive ITO fair. Labs discussed
VPA - 80
Alt 48
Glu - 129 pp

A: Bipolar D/O, mild rapid cycling.

P: Continue current medications same. order on for 6wks.
f/u 6 wks.

Patricia Lenz, LVN
Taft Correctional Institution

(Continue on reverse side)

SIGNATURE AND TITLE: [signature] | Jagdeep Garewal, Psych  Taft Correctional Institution | DATE: 6/3/04 0815

IDENTIFICATION NO. | ORGANIZATION | REGISTER NO. | WARD NO.

PATIENT'S IDENTIFICATION:
Schnepper Thomas Mitchell
08704-022

CONSULTATION SHEET
Medical Record

STANDARD FORM 513 (REV. 8-92)
Prescribed by GSA/ICMR, FIRMR (41 CFR) 201-9.202-1

AUTHORIZED FOR LOCAL REPRODUCTION

| MEDICAL RECORD | CONSULTATION SHEET |
|---|---|

### REQUEST

| TO: Psychiatry | FROM: (Requesting physician or activity) Farabaugh | DATE OF REQUEST 1/2/04 |
|---|---|---|

REASON FOR REQUEST (Complaints and findings)

Assess for Bipolar D/O

PROVISIONAL DIAGNOSIS

DOCTOR'S SIGNATURE: APPROVED [signature: P. Farabaugh, MD, Clinical Director, FDC Honolulu]

PLACE OF CONSULTATION: ☐ BEDSIDE  ☐ ON CALL

☒ ROUTINE  ☐ TODAY  ☐ 72 HOURS  ☐ EMERGENCY

### CONSULTATION REPORT

RECORD REVIEWED ☒ YES  ☐ NO      PATIENT EXAMINED ☒ YES  ☐ NO      TELEMEDICINE ☐ YES  ☒ NO

S: I was having abnormal mood swings since I stopped drinking 8 yrs ago. Depakote helped the mood swings, but made me always down and irritable. I had similar mood swings even in high school, before I started drinking. Mom had alcohol problem and major drug addiction. The last 3 months I would feel a giddy happiness for no reason, which would turn into bottomless emptiness in minutes and then become anger. I'm not sleeping well. I'm having weird dreams (no blood, no dying). I'm yelling at people and on the verge of swinging at them. My mind is always racing. Sleeping 4°/night.

O: Alert, calm, cooperative, open, unmotivated, angry, anxious. Denies auditory hallucinations. ⊕ peripheral vision hallucinations. Sometimes I feel someone is watching me — not now. Speech intense, but not pressured. No looseness of associations.

A: Axis I: Bipolar Disorder, NOS — rapid cycling
   Axis II: Deferred
   Axis III: None

Rec: Lamictal 25 mg T qd is highly recommended for depression phases. For aggression, anger, and irritability first choice would be Trileptal 300 mg bid. 2nd choice: Tegretol 200 mg tid. Buspar 7.5 mg → 15 mg bid should also help.

(Continue on reverse side)

SIGNATURE AND TITLE: David Stein MD PhD      DATE: 1·2·04

HOSPITAL OR MEDICAL FACILITY: Chrysalis Institute

RECORDS MAINTAINED AT: [signature P. Farabaugh MD, Clinic Director, FDC Honolulu] 1/2/04

PATIENT'S IDENTIFICATION:

Schnepper, Thomas
88704-022

FDC HONOLULU
HEALTH SERVICES UNIT
P.O. BOX 30547
HONOLULU, HAWAII 96820

CONSULTATION SHEET
Medical Record

STANDARD FORM 513 (REV. 4-98)
Prescribed by GSA/ICMR FPMR (41 CFR) 101-11.203(b)(10)

SF 513

| 513-110 | | NSN 7540-00-634-4127 |
|---|---|---|
| MEDICAL RECORD | CONSULTATION SHEET | |
| TO: PSYCHIATRY CLINIC | FROM: (Requesting physician or activity) | DATE OR REQUEST |

REASON FOR REQUEST (Complaints and findings)

## PSYCHIATRIC CLINIC

PROVISIONAL DIAGNOSIS

| DOCTOR'S SIGNATURE | APPROVED | PLACE OF CONSULTATION |
|---|---|---|
| | | ☐ BESIDE  ☐ ON CALL  ☐ ROUTINE  ☐ TODAY |
| | | ☐ 72 HOURS  ☐ EMERGENCY |

RECORD REVIEWED ☒ YES   CONSULTATION REPORT ☐ NO   PATIENT EXAMINED  YES ☒  NO ☐

S — Doing alright. Moods are alright. I don't have Rxcesses. No c/o SE (tremors). Interferes in drawing. Labs discussed ā patient. VPA 87 µg/ml

O — Cooperative. Good GH EC. No AIM seen. Speech nl. Thoughts — GD. Content — ⌀ AH/VH/SI/HI. Mood — less up & down. Affect — reactive. ZT good.

A: Bipolar D/O, mild.

P: Depakote 500mg iii @ 5pm nightly x 90 days. F/u 11wks.

(Continue on reverse side)

| SIGNATURE AND TITLE  Garewal MD | Jagdeep Garewal, Psychiatrist  Taft Correctional Institution | DATE 7/19/05 1325 |
|---|---|---|
| IDENTIFICATION NO. | ORGANIZATION  TAFT CORRECTIONAL INSTITUTION | REGISTER NO.  |  WARD NO. |

PATIENT'S IDENTIFICATION (For typed or written entries give: Name-last, first, middle; grade; rank; rate; hospital or medical facility)

NAME: Schnepper, Thomas
REGISTER #: 88704-022
DOB: 6/29/64

CONSULTATION SHEET
Medical Record

STANDARD FORM 513 (REV. 8-92)
Prescribed by GSA/ICMR,
FIRMR (41 CFR) 201-9.202-1
(This form may be replicated via WP)

MSE: Alert, ambulatory, c/s. Has good eye contact. Describes his mood to be stable now he is on depakote. However he states he had always heard his own voices inside his head all the time - negative visual hallucination. Memory/cognition intact. Intellect above avg - (-) S/H thoughts, no delusions. Insight fair.

A. R/O Bipolar Dis
   H/o of Drug abuse

Plan - 1) Pt educated on use of atypical antipsychotic for auditory hallucination
   - benefits & side effects

   2. Continue/renew Divalproex Na
      500 mg ⋯ - 3 tab at bedtime
      × 30D
      [Note: This is 1500 mg of medication for Bipolar]

   3. Start Seroquel 25 mg at bedtime
      × 3 days then ↑ to 50 mg
      at HS × 3 days then 75
      mg at HS thereafter
      × 30D

   4. F/U in 2 weeks

   ~8/25/05

D. NGUYEN, MD
FCI LOMPOC, CA

HONORATA P. PINEDA, M.D.
PSYCHIATRIST