ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
JUN 02 2006
at __ o'clock and __ min __ M
SUE BEITIA, CLERK

Respectfully Judge Kay,

I come to you now with more documentation and evidence why I should have my sentence reduced.

As you can see in this Affidavit by a Wyoming Deputy Sheriff, I was in Wyoming at the time that The satate of Utah claimed that I was in jail for 40 day's for a DUI conviction.

From January through May 15th. times and dates are well documented.

More specific, March and April. this is the time that The state of Utah claimed I , "the defendant" was supose to be in jail for the alleged DUI conviction. I also would like to point out that the state of Utah admits not having documentation for the details of the DUI conviction.

As you can see by looking at doc. 160-2 page 45 I , " the defendant " Have an alibi of this date that defendant could not possably been in two states at the same time.

Defendant could certainly not have been in jail for 40 day's, in Utah, and also be in Wyoming commiting the offence of stalking his exgirlfriend at the same time.
F.3rd 1337,1339 (9th Cir. 1993) <u>Parke v. Raley,</u> . Defendant challeges the Government, that they did not prove fact of coviction, and are realying on presentence report. However, It may be possable, and highly probable that it is not the fault of the prosecution, or the PSR. But infact false report by the Utah state.

The fact that the defendant did not object to the PSR at sentancing does not mean that he admitted those facts for purposes of the Sixth Amendment right to juty trial as interpeted in Apprendi v. New Jersey,530 U.S. 466, 67 CrL 483(2000) also

(U.S. v. Milam, 4th. Cir.,No. 04-4224, 4/6/06 suports the finding in Apprendi.

Defendant here failing to prove the inalidity of the conviction because he did not remember, is not an admission of guilt nor reason to grant the government the criminal history points that they want.

The fact that the defendant could not remember ads more creedence to the fact that his bipolar disorder claim has merit, and should also be deturmaned in this reconsideration of resentenceing. Had the defendant known of the medical condition then, he would have rememberd that there was no convicton and would have objected to the charge at that time.

Finnaly your Honnor, I would like to ask that you look at the letter that I sent you in the resentence document from my atturney. after being on the proper amount of medication for a long period of time, I did admit my guilt to you and the court, and have full understanding of my wrong doing. In the reconcideration letter from the court it dosn't show this and hope that you will go back and look at it.

I ad this document as a supliment to the motion for reconsideration that I sent in mid. May of 2006, and hope that you will still be able to change the sentence at the district level.

Thomas Schnepper
Defendant

May 26th 2006

those objections below, his claims are reviewed de novo. United States v. Dominguez, 316 F.3d 1054, 1056 (9th Cir. 2003).[35]

### a) The Utah DUI conviction·

The PSR recited that defendant was convicted of DUI on March 1, 1993, but that the details of the offense were no longer available. PSR para. 68. Defendant said he had been unrepresented in the case, and did not recall waiving his right to counsel. The Probation Department obtained a certified notice from the Utah court indicating that defendant entered his plea only after being fully advised of his rights. Id. At sentencing, defendant objected to the use of the certified notice as evidence of his waiver of counsel. PSR, addendum 1 at 3A. The court found the notice sufficient to show a valid waiver, and assessed one criminal history point for the conviction. ER 75.[36]

Defendant argues that the court erred by counting an uncounseled conviction, particularly given the incomplete court records. This claim is unavailing. There is a presumption of regularity attached to final judgments, "even when the question

---

[35] In his brief, defendant argues that the district court's calculation of his criminal history score violated his Sixth Amendment rights under Blakely. As that argument has been foreclosed by Booker, the government will address the substance rather than procedure of the court's rulings.

[36] See U.S.S.G. § 4A1.1.(c)(one criminal history point assessed for each prior sentence of less than sixty days incarceration).

45

## AFFIDAVIT

CASE NUMBER 93-5296

I, Ted C. Porter, being employed by the Uinta County Sheriff's Department in the capacity of Deputy Sheriff, and being first duly sworn, state as follows:

1. On May 11, 1993 at approximately 8:34 a.m., Affiant was informed by Helene Pritchett that her family was being harassed and followed by Thomas Mitchell Schnepper (DOB/062964, Social Security# 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).

2. Affiant was informed by Helene Pritchett that on December 31, 1992, her daughter Amy Pritchett had ended a relationship with Schnepper, and that during the week of January 3 through January 9, 1993, Schnepper followed Amy Pritchett to her place of employment at the Maverick Store in Mountain View, Wyoming.

3. Affiant was informed by Amy Pritchett that Schnepper came into the Maverick Store harassing her, and that this action continued through the months of January and February, and into the month of March, 1993.

4. Affiant was informed by Helene Pritchett that on April 3, 1993 at approximately 12:40 a.m., a vehicle, described as an older model pickup, unknown registration, pulled into the driveway of the Pritchett residence, located at Lot #5, Meadow Creek Subdivision, County Road 260, Uinta County, Wyoming. The vehicle remained in the driveway until the Pritchett's turned on a house light, at which time the vehicle left the driveway and parked on County Road 260. On April 4, 1993, Schnepper told Amy Pritchett that it had been him in the driveway.

5. Affiant was informed by Helene Pritchett that on April 16, 1993 at approximately 7:00 p.m., Schnepper's vehicle was parked on County Road 260 and the roadway to the Pritchett residence. Schnepper then pulled into the driveway at the Pritchett residence and when Pritchett went outside to approach Schnepper, he left the area but returned to the area later the same date.

_____
Signature of Affiant

6. Affiant was informed by Helene Pritchett that on April 23, 1993, Schnepper was at their residence in a dark brown Firebird, unknown registration.

7. Affiant was informed by Amy Pritchett that on April 26, 1993, she went to a neighbor's residence. Shortly after arriving, she saw Schnepper parked on the county road in front of the neighbor's residence. When Schnepper could see Pritchett looking, he left.

8. Affiant was informed by Helene Pritchett that on May 1, 1993, Schnepper was again parked in Pritchett's driveway.

9. Affiant was informed by Helene Pritchett that on May 10, 1993 at approximately 11:22 p.m., Schnepper was parked in the driveway of the Pritchett residence, and when Pritchett turned on the house lights and went to a window, Schnepper sped off.

10. Affiant was informed by Amy Pritchett that on May 11, 1993 at approximately 5:45 p.m., Schnepper drove past the Maverick Store in Mountain View several times. This was the time Pritchett was to leave her work place.

11. Affiant was informed by Amy Pritchett that during the latter part of April, 1993, Kent Scriffiny (DOB/050658), an associate of Schnepper's, had approached Pritchett at the Maverick Store in Mountain View and told Pritchett that Schnepper wanted her to know that Schnepper knows every move Pritchett makes.

12. Affiant was informed by Helene Pritchett that on May 13, 1993 at approximately 9:30 p.m., Schnepper was parked at the bottom of Pritchett's driveway, and when a house light was turned on Schnepper pulled the vehicle part way down the road and parked. Schnepper left the area before a deputy could respond.

All of the aforementioned took place in Uinta County.

I have read the above statement consisting of 2 pages, which I have signed. I fully understand this statement and hereby verify it to be true to the best of my knowledge and belief.

Further Affiant Sayeth Not.

_____
Signature of Affiant

May 17th, 1993
Date